

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,114

### EX PARTE JAMES R. HIATT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2006-CR-2741-W2 IN THE 144TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four counts of aggravated sexual assault, sentenced to sixty years' imprisonment on each count, and five counts of indecency with a child, sentenced to twenty years' imprisonment on each count. The Fourth Court of Appeals dismissed his appeal for want of jurisdiction due to an untimely filed notice of appeal. *Hiatt v. State*, No. 04-08-685-CR (Tex. App.–San Antonio, delivered October 8, 2008).

Applicant contends that his counsel rendered ineffective assistance because she failed to

timely file a notice of appeal.

The trial court has determined that trial counsel failed to timely file a notice of appeal. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 2006-CR-2741 from the 144th Judicial District Court of Bexar County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: March 11, 2009
Do Not Publish